NEALLY CUNNINGHAM,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV209-018

BUREAU OF PRISONS; DEBORAH
FORSYTH, Associate Warden; and
B. EDMUNDS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Neally Cunningham ("Plaintiff"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed an action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that he performed work detail without receiving compensation and that Defendant Edmunds retaliated against Plaintiff for demanding his salary. Defendants filed a Motion to Dismiss Plaintiff's complaint. Plaintiff filed a response. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Federal Bureau of Prisons ("BOP") policy requires that an inmate assigned to institution work detail is to be compensated at a minimum rate of $0.12 per hour, unless that inmate has been sanctioned. (Doc. No. 1, p. 5). Plaintiff claims that he performed his assigned work duties for four months without any compensation. (Id.). Plaintiff states that Defendant Edmunds wrote a false incident

AO 72A
(Rev. 8/82)

report against Plaintiff and fired Plaintiff from work detail because Plaintiff complained about not receiving payment for his work. (Doc. No. 12, p. 2).

Defendants have moved for the dismissal of Plaintiff's claims against them, asserting that Plaintiff has failed to exhaust his administrative remedies. (Doc. No. 26, pp. 6-8). Defendants also aver that the BOP should be dismissed as a defendant because Bivens does not extend to causes of action against federal agencies. (Id. at p. 3).

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. Once findings are made on disputed issues of fact, the court must decide, based on those findings, whether the inmate has exhausted available administrative remedies. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983

AO 72A
(Rev. 8/82)

of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." Exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008).

> First, the court looks to the factual allegations in the defendant[s'] motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If in that light, the defendants [are] entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. The defendant[s] bear the burden of proving the plaintiff has failed to exhaust his available administrative remedies.

Id. at 1082.

> [A] prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance make the administrative remedy "unavailable," and thus lift the exhaustion requirement as to the affected parts of the process if both of these conditions are met: (1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2)

> the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.

Id. at 1085.

The Federal Bureau of Prisons has established regulations setting forth the procedures an inmate must follow to utilize its administrative remedy process. See 28 C.F.R. § 542.10, et seq. According to these regulations, which provide a multi-tiered review process, within 20 days from the date on which the action complained of occurred, an inmate seeking redress must first file a grievance with the warden of the facility where he is housed, describing his complaint as well as his requested remedy. The warden then has 20 days to respond. 28 C.F.R. §§ 542.11(4) and 542.15. If the inmate is dissatisfied with the warden's response, he has 20 days to file an appeal with the appropriate Regional Director. 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he has 30 days to file an appeal with the General Counsel for the BOP. 28 C.F.R. § 542.15(a). A decision by the BOP is not final until relief has been denied at the national level. (Id.).

Defendants assert that Plaintiff never filed an administrative remedy corresponding to the allegations in his complaint. (Doc. No. 27, p. 8). In his response to Defendants' Motion, Plaintiff asserts that administrative remedies were unavailable to him. (Id. at p. 1). Plaintiff fist asserts that he attempted to informally resolve his payment issue with Defendant Edmunds, but that he was told that he needed to find another job. (Id. at p. 2). Plaintiff states that after confronting Defendant Edmunds about not being paid, Defendant Edmunds wrote a false incident report stating that Plaintiff did not report for work on the day he confronted Defendant Edmunds. (Id.). Plaintiff asserts that he feared retaliation from Defendant Edmunds, so he did not

pursue the administrative remedy process. (Id. at p. 3). However, after asserting that he feared retaliation for completing the administrative remedy process, Plaintiff states that he did exhaust his administrative remedies by filing for an administrative settlement under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). (Id.). Plaintiff was offered a settlement amount of $15.75, which he declined. (Id. at p. 5). The settlement offer notified Plaintiff that if he was not satisfied with the amount determination, that he could file suit within six months of the notification's mailing. (Id.).

The undersigned finds that Plaintiff has not exhausted his administrative remedies with respect to the named defendants in this suit. Plaintiff's allegations that he feared retaliation from Defendant Edmunds are inconsistent with his filing for an administrative settlement under the FTCA and his assertion that this filing constituted exhaustion of his administrative remedies. Plaintiff's suit was filed within the appropriate limitations period under the FTCA, and Plaintiff can pursue this cause of action by refiling his claim under the FTCA and listing the United States listed as the appropriate Defendant.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Pre-Answer Motion to Dismiss Plaintiff's complaint be **GRANTED** and Plaintiff's complaint be **DISMISSED** without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 13th day of May, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE