FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 MAR 23 PM 2:06
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

NEALLY CUNNINGHAM,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION NO.: CV209-018

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a Complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. The Government filed a Motion to Dismiss or, in the alternative, for Summary Judgment. (Doc. No. 41). Plaintiff filed a Response. (Doc. No. 44), and the Government filed a Reply. (Doc. No. 48). For the following reasons, the Government's Motion should be **DENIED** in part and **GRANTED** in part.

## STATEMENT OF THE CASE

On June 26, 2008, Plaintiff filed an administrative FTCA claim with the Bureau of Prisons ("BOP"). The administrative tort claim alleged that Plaintiff was not compensated for work in the Recreation Department at FCI Jesup for a four month period prior to January 2008. Plaintiff sought to be compensated $2,500 for his alleged damages. Plaintiff's administrative tort claim was investigated by BOP and a determination letter was mailed to Plaintiff on September 3, 2008. The September 3, 2008, determination letter included a settlement offer of $15.75, and included a payment

voucher. Plaintiff was notified in the determination letter that if he wished to accept the settlement offer he needed to sign and return the voucher. If he did not want to accept the offer he was told to consider the letter as a denial of his claim, and was given notice that he could "file suit in the appropriate United States District Court not later than six (6) months after the date of mailing of this notification." (Doc. No. 41-1, p. 9). The payment voucher was never returned to the BOP.

On February 27, 2009, Plaintiff filed a complaint under 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that he performed work detail without receiving compensation. On May 18, 2009, Plaintiff moved to supplement his original complaint under FED. R. CIV. P. 15(c), adding a second defendant, alleging that B. Edmunds retaliated against him in violation of his First Amendment rights.

On May 27, 2010, Plaintiff moved for leave to amend and supplement his original complaint, stating that he had "erroneously mislabeled his claim under a § 1331 Bivens action," and further stating that "[t]he correct action to file was under FTCA." (Doc. No. 33). On July 19, 2010, this Court entered an Order allowing Plaintiff to amend his original complaint, reclassified the cause of action under the FTCA, and added the United States as a defendant. (Doc. No. 35).

In the instant Motion, the Government asserts the statute of limitations of 28 U.S.C. § 2401 bars Plaintiff's FTCA cause of action, and that Plaintiff has not demonstrated a private person analog under Georgia law.

AO 72A
(Rev. 8/82)

## STANDARD OF DETERMINATION

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's "[f]actual allegations [are] enough to raise the right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Id. at 406. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer and will be construed liberally. Ghee v. Retailers Nat'l Bank, 271 F. App'x 858, 861 (11th Cir. 2008) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). A plaintiff generally is safeguarded by a presumption that the allegations in his complaint are true when a defendant files a Rule 12(b)(6) motion to dismiss. Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1237 (11th Cir. 2002).

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a

AO 72A
(Rev. 8/82)

matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., ___ F. Supp.2d ___, 2011 WL 589830, at *2 (M.D. Fla. Feb. 18, 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, ___ F.3d ___, 2011 WL 310762, at *2 (11th Cir. Feb. 2, 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

I. **Timeliness of Plaintiff's FTCA Action**

The United States asserts that Plaintiff's FTCA claim was untimely filed, and should be dismissed.

It is well established that the United States, as sovereign, cannot be sued without its consent. <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941). The FTCA provides jurisdiction for actions against the United States alleging personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). The FTCA also constitutes a waiver of sovereign immunity where the United States defines the condition or conditions upon which actions against it may be allowed. "Sovereign immunity can be waived only by the sovereign, and the circumstances of its waiver must be scrupulously observed, and should not be expanded nor constricted by the courts." <u>United States v. Kubrick</u>, 444 U.S. 111, 117-18 (1979).

The FTCA's waiver of sovereign immunity is conditioned upon a claim being initially presented to the appropriate administrative agency prior to filing a tort action against the United States. 28 U.S.C. § 2675(a). The presentment requirement is jurisdictional and claims not presented administratively prior to filing an action are not cognizable by the courts. 28 U.S.C. § 2675(b); <u>Bennett v. United States</u>, 102 F.3d 486, 488 n.1 (11th Cir. 1996) ("Unless the United States may be held liable pursuant to the

terms of the statute, the sovereign's immunity remains intact, and no subject matter jurisdiction exists.").

Section 2401 of Title 28, United States Codes, provides that:

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Section 2401(b) thus sets forth two limiting periods: the two year period for filing the administrative claim, and the six-month period for filing suit after agency denial of an administrative claim. The time periods set forth in Section 2401(b) are jurisdictional. Phillips v. United States, 260 F.3d 1316, 1317 (11th Cir. 2001) ("It is undisputed that under section 2401(b), a tort claim must be presented to the appropriate federal agency within two years after the claim accrues and the lawsuit must be commenced within six months after the receipt of a final agency decision.").

Attacks on subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure come in two forms. "Facial attacks" on the complaint "require the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980), cert. denied, 449 U.S. 953 (1980) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977)). "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id.; McMaster v. United States, 177 F.3d 936 (11th Cir. 1999).

Rule 15(c)(1)(B) of the Federal Rules of Civil procedure allows relation back if an amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original complaint. Rule 15(c)(1)(C) also allows relation back if:

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Plaintiff's amendment naming the Unites States as a Defendant was filed outside the appropriate limitations period. The Government asserts Plaintiff's amendment should not relate back to the original complaint because it believes Plaintiff's complaint was "clearly intended to assert constitutional claims" rather than a claim under the FTCA. (Doc. No 41, p. 13). The Government also claims that Plaintiff fails to offer additional facts to properly plead a tort cause of action, which would put the government on notice that he was referring to the same conduct or occurrences he alleged in his original complaint. The Government states that they should not be subject to suit because "nothing in [Plaintiff]'s pleadings would have given any indication under what theory [Plaintiff] was pursuing beyond the constitutional claims he raised." (Id. at p. 16). The Government states that the determination letter Plaintiff received concerning his tort claim "sets forth in detail what Plaintiff was required to do to comply with the statute." (Id. at p. 18).

Plaintiff's original administrative tort claim grievance was filed on January 10, 2008. Under the portion of the grievance entitled "basis of the claim," Plaintiff wrote the following:

> The Bureau of Prisons have failed to properly train[ ] their employees in following procedures, and, if properly trained have failed to follow well established procedures. [F]or four (4) months, claimant ha[s] been assigned to Recreation as an orderly. However, despite this work assignment, Claiman[t] ha[s] not been compensated pursuant to 28 C.F.R. § 545.26. Based on the Bureau of Prisons failure to follow well established procedures and policy, Claimant has suffered injuries.

(Doc. No. 41-1, p. 7). An Administrative Memorandum concerning Plaintiff's claim was issued on August 21, 2008. It stated:

> An investigation has been conducted into the above referenced Administrative Tort Claim wherein the claimant alleges that he was not paid for work in Recreation for a four-month period. He claims $2,500.00 as reimbursement for personal injury.
>
> An investigation into this claim has revealed that the claimant was assigned to work on the PM REC CR (P.M. Rec Crew – 5:30 – 8:15) from December 29, 2007 to April 18, 2008. A review of his TRUFACS history reveals he did not receive Inmate Performance Pay for the months of January, February, and March 2008. At no time did the inmate address this issue with his work supervisor or any other staff member. An interview with the inmate also collaborated that he did not speak with any staff member regarding inmate performance pay for this time frame. Staff became aware of this issue upon receipt of this Administrative Tort Claim. Communications with the Recreation Supervisor and a review of SENTRY reveals there are a number of inmates assigned to work in Recreation in excess of their allotted inmate work quota due to overcrowded conditions. Due to an oversight by staff, inmate Cunningham was not paid for three months. Additional training has been provided to staff to reinforce proper procedures are in place with inmate work and performance pay.
>
> In accordance with Program Statement 5251.05, Inmate Work and Performance Pay, dated December 31, 1998, Page 9, section 11, states, 'Maintenance Pay may be used as temporary compensation for inmates who perform satisfactory work, but, due to overcrowded conditions, are assigned to work details in excess of their allotted inmate work positions.' Based on the administrative errors outlined herein, it is recommended inmate Cunningham be compensated with maintenance pay for a three-month period in the amount of $15.75.

(Doc. No. 41-1, p. 8). Plaintiff received a settlement notice dated September 3, 2008, which stated:

> Your claim has been reconsidered for administrative settlement under the Federal Tort Claims Act (FTCA), Title 18 United States Code (U.S.C.) 2672 et seq., and the authority granted by Title 28 Code of Federal Regulations (C.F.R.) 0.172. You claim the amount of $2500 for alleged personal injury because you were allegedly not paid for work in the Recreation Department at the Federal Correctional Institution (FCI) in Jesup, Georgia, for a four-month period prior to January 2008.
>
> On the basis of information provided by you and by appropriate staff members, we have decided to offer you a settlement in the amount of $15.75. This amount represents maintenance pay for a three-month period as verified by FCI Jesup staff. If you decide to accept our offer of $15.75, please sign the enclosed voucher for payment and return it to this office in the enclosed envelope. If you do not wish to accept our offer, you should accept this letter as a denial of your claim.
>
> If you are not satisfied with this determination, you may file suit in the appropriate United States District Court not later than six (6) months after the date of mailing of this notification.

(Doc. No. 41-1, p. 9). Plaintiff's original complaint filed in this Court states:

> Bureau of Prison policy requires that an inmate that is assigned to an institution work detail is to be compensated at a minimum rate of $0.12 per hour the only exception been an inmate that is on some form of sanctions. Defendant's (sic) herein failed to follow their own policy. In fact for four months Plaintiff performed his assigned task without just compensation. Defendant intentionally failed to follow their own policy and/or failed to properly trained (sic) their employees in policy and procedures.
>
> Defendant Bureau of Prisons failed to properly trained (sic) its employees in following policy and procedures. Defendant Forsyth failed to ensure that the employees that reported to her directly were properly trained in policy and procedures.

(Doc. No. 1, p. 5).

Plaintiff's amendment was filed outside the appropriate limitations period. However, it strains credulity for the Government to assert that Plaintiff's complaint was "clearly intended to assert constitutional claims" instead of a claim under the FTCA.

(Doc. No. 41, p. 13). Plaintiff's Administrative tort claim grievance and Plaintiff's original complaint contain nearly identical facts, and clearly concern the same cause of action. (See Doc. No. 41-1, p. 7; Doc. No. 41-1, p. 9). Moreover the United States Attorney was served with Plaintiff's original complaint as an authorized agent for the original defendants, so he should not have been caught by surprise when the United States was substituted as a defendant. (See Doc. Nos. 17, 35).

The Government's arguments that Plaintiff did not offer additional facts to properly plead his tort cause of action, and that nothing in plaintiff's pleadings put the Government on notice that Plaintiff intended to pursue a FTCA action are also without merit. Plaintiff pursued his administrative remedies under the FTCA, and his unfamiliarity with the proper nomenclature for his suit should not prevent him from pursuing his cause of action, when he has followed the instructions he was given to the best of his ability. See Haines v. Kerner, 404 U.S. 519 (1972). The government's allegation that Plaintiff's determination letter "set[ ] forth in detail what Plaintiff was required to do to comply with the statute," is an exaggeration. (Doc. No. 41, p. 18). The determination letter states, "If you are not satisfied with this determination, you may file suit in the appropriate United States District Court not later than six (6) months after the date of mailing of this notification." (Doc. No. 41-1, p. 9). This single sentence does not set forth anything "in detail." It gives Plaintiff notice of the place he must file suit, and of the time within which he must do so. It does not instruct Plaintiff that he must file suit under the FTCA. Plaintiff's *pro se* status, his administrative remedy pursuit under the FTCA, and the fact that his claim arises out of the same occurrence he attempted to set

forth in his original complaint, allow for the relation back of Plaintiff's Amended complaint.

## II. Private Person Analog

The government states it is entitled to summary judgment on Plaintiff's claim because Plaintiff has failed to set forth a claim under the FTCA and has pled no tort cognizable under Georgia law.

28 U.S.C. § 1346 provides subject matter jurisdiction for claims against the United States for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. Thus, an action under the FTCA exists only if the state in which the alleged tortious conduct occurred would allow a cause of action for the tort to go forward. Carlson v. Green, 446 U.S. 14, 23 (1980); and 28 U.S.C. § 1346(b). The Government states that Plaintiff never identifies a duty that was owed to him under Georgia law, and, therefore, he should be barred from pursuing this action.

Though Plaintiff does not specifically state that the Government breached a duty it owed him by not paying him for hours he worked, he states a cognizable negligence claim in asserting that staff members were not properly trained to follow BOP policies or to compensate him for work he performed. The Government had a duty to pay Plaintiff for work he performed, and to train staff members to adequately compensate Plaintiff for

his work. The Administrative Memorandum admits that the Government was liable[1] and that measures were being put in place to prevent incidents similar to what Plaintiff experienced.[2] Plaintiff has adequately pled a private person negligence analog.

### III. Punitive Damages

The Government states that it has not consented to be sued for punitive damages, and such damages are barred by 28 U.S.C. § 2674. (Doc. No. 41, p. 18). Plaintiff agrees that he cannot recover punitive damages against the Government.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Government's Motion to Dismiss, or, in the alternative, for Summary Judgment be **DENIED** in part and **GRANTED** in part. The portion of Plaintiff's complaint seeking punitive damages should be **DISMISSED**. Plaintiff's remaining claims should remain pending.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] "Based on the administrative errors outlined herein . . ." (Doc. No. 41-1, p. 8).

[2] Additional training has been provided to staff to reinforce proper procedures are in place with inmate work and performance pay. (Id.).